

# In the Court of Criminal Appeals of Texas

---

No. PD-0075-24

---

KEVIN J. OWENS, *Appellant*

v.

THE STATE OF TEXAS

---

On Appellant's Petition for Discretionary Review
From the Seventh Court of Appeals
Bexar County

---

YEARY, J., filed a dissenting opinion.

In *Ex parte Barton*, this Court declined to conduct a First Amendment "overbreadth" analysis to determine the constitutionality of Section 42.07(a)(7) of the Texas Penal Code. 662 S.W.3d 876, 885 (Tex. Crim. App. 2022), *cert den.* 143 S. Ct. 774 (2023); TEX. PENAL CODE §

42.07(a)(7). Why? Because the statute "does not regulate speech, and therefore does not implicate the free-speech guarantee of the First Amendment," and therefore, "the statute is not susceptible to an overbreadth challenge."[1] *Barton*, 662 S.W.3d at 885; *see also Ex parte Sanders*, 663 S.W.3d 197, 216 (Tex. Crim. App. 2022), *cert den.* 143 S. Ct. 774 (2023) (concluding that the statute "proscribes non-speech conduct that does not implicate the protections of the First Amendment, although elements of speech may be employed to commit the offense").

Today the Court declares that the same statute was *applied* in such a way that it infringed upon Appellant's First Amendment free-speech guarantee. Why? Because elements of speech *were*, in fact, employed to commit the offense.[2]

It seems to me that *many*, if not *most*, instances in which the statutory provision will have been violated will employ some elements of speech. After all, the statute proscribes repeated harassing electronic *communications*, and most electronic communications will involve an element of speech. I thought that the point of the Court's decisions in

---

[1] In other contexts, I have let my concerns about blanket and uncritical state court application of the First Amendment *overbreadth doctrine* be known. *See, e.g.*, *Whillhite v. State*, 601 S.W.3d 363, 364 (Tex. Crim. App. 2020) (Yeary, J., concurring), and cases cited therein. I will say no more about that today.

[2] It seems that the Court believes the First Amendment protects a former client's right to bombard his former therapist—another private person—with repeated emails and electronic communications, some sent from faked Facebook accounts, and including some sent at hours between 10:00 p.m. and 3:00 a.m., of a character seemingly designed to harass, annoy, alarm, abuse, torment, embarrass, or offend. The First Amendment protects a lot. But I do not believe it protects a person's right to bombard another private person with a barrage of repeated electronic communications of a kind designed, and reasonably likely, to elicit those responses.

*Barton* and *Sanders* was to make clear that prosecution under this provision is not on account of the speech per se—which is essentially incidental—but that it is for the obnoxious repetition of the electronic-communication format with the specific intent to harass.[3]

Perhaps I am wrong about that. But if, in fact, the Court is correct today to say that the statute will infringe upon First Amendment rights anytime the electronic communication involves—well, *communication*—then it is difficult to understand how the members of this Court who joined the majority in *Barton* could have concluded there that an overbreadth analysis was obviated, much less that free speech is not even implicated. It seems by the Court's opinion today that the statute will prove to be unconstitutional as applied much more often than not. And it is hard to square that with what the Court concluded in *Barton* and *Sanders*.

On that basis, I respectfully dissent.

**FILED:**                                                    June 4, 2025
**PUBLISH**

---

[3] Indeed, in many if not most Section 42.07(a)(7) cases, the content of the electronic communication will be highly relevant, if not the best evidence, to establish the elemental specific "intent to harass, annoy, alarm, abuse, torment, embarrass, or offend another[.]" TEX. PENAL CODE § 42.07(a). But that does not mean that the accused is being prosecuted for the content of the communication *itself* rather than for the repetitive conduct perpetrated with (as evidenced by the communication) the required pernicious intent. "[I]t has never been deemed an abridgment of freedom of speech . . . to make a course of conduct illegal merely because the conduct was in part initiated, *evidenced*, or carried out by means of language, either spoken, written, or printed." *Rumsfeld v. Forum for Academic and Institutional Rights, Inc.*, 547 U.S. 47, 62 (2006) (emphasis added) (citation omitted).